UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER WICKER, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:15-cv-00564-JMS-TAB |
| | ) |
| SUPERINTENDENT, Miami Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

**I.**

This is an action in which Christopher Wicker, a state prisoner, seeks a writ of habeas corpus. Having considered the pleadings and the expanded record, and being duly advised, the court finds that Wicker's petition for writ of habeas corpus must be denied. This conclusion rests on the following facts and circumstances:

1. The proceeding Wicker challenges is identified as No. IYC 14-11-309. Wicker was charged in that proceeding with assault and battery causing serious bodily injury. He was found guilty as charged. The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), is this: During the afternoon of November 23, 2014, Wicker and inmate Eric Taylor approached inmate James Hampton, who was on E-Unit at the Plainfield Correctional Facility returning with his commissary. Wicker struck Hampton at least twice in the right side of the head while Hampton was leaning

down to get into his property box. Hampton retreated onto his bed, at which point Taylor and Wicker struck Hampton. Taylor left with Hampton's bag of commissary, while Wicker began taking items out of Hampton's property box. Hampton was taken to an outside hospital, and then taken by ambulance to a larger hospital for emergency surgery. This account is contained in the conduct report issued on December 1, 2014.

2. A hearing on the charge was conducted on December 4, 2014. Wicker was present at the hearing and made a statement concerning the charge. His statement was that "[t]he offender got me first in the bathroom." The hearing officer considered Wicker's statement, along with the other evidence, and found Wicker guilty of aiding in battery. This action was filed after Wicker's administrative appeal was completed.

3. Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Wicker.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

4. Under *Wolff* and *Hill,* Wicker received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Wicker was given the opportunity to appear before the hearing and make a statement

concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

     5.     Wicker's claim that he was denied the protections afforded by *Wolff* is that the "serious bodily injury" component of the offense was absent because he discovered after the administrative appeals process was concluded that Hampton received two stitches at the second hospital. The premise of the argument here is that a few stitches administered in a hospital emergency room cannot be the treatment for a serious bodily injury. Wicker offers no support for this proposition, which the court does not find either intuitive or compelling. The evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). In this case, the evidence favorable to the hearing officer's decision shows Wicker's participation in attacking Hampton and Hampton's need for emergency medical care. The evidence was constitutionally sufficient as to all components of the offense Wicker was found to have committed.

     6.     "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Wicker to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

### II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:   November 18, 2015

*(signature)*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

CHRISTOPHER WICKER
154240
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914